Good morning, your honors. It's my pleasure to be here. My name is Michael Donahoe, if it pleases the court, from the Federal Defender's Office in Helena, Montana. We've had kind of a Montana day here today. I thought it might be useful to start, as an organizing platform, to start this argument with a couple of record references. The first being to Volume 5 at pages 1057, 1058. And the relevance of that is that that's a response to a motion to dismiss that we filed, wherein the government unequivocally states that we misapprehended their theory of prosecution, that they had no intention of trying to prove, as a matter of fact, that the corporation was a sham corporation. And pointedly, and I think more significantly, the government says there that they had no intention of relying on the responsible corporate officer doctrine. And I think that's a significant thing in the record of this case. The second thing that I would like to point to immediately, and I do these things because I tend to forget things, is the discussion of aiding and abetting here. That seems to be in play. The government argued it below. I don't know what the statement's going to be on that theory today. I guess we'll wait and see. But there are two references to aiding and abetting. One is at Volume 3 at page 614, and the other is at Volume 2 at page 225. The first reference is sort of an ephemeral reference in the context of the Rule 29 motion, the oral motion that was argued to the court at the close of the government's case. And if you looked at that reference carefully, it would tell the court that the government does indeed make reference to the aiding and abetting theory. Then the second reference is after the trial in response to papers that are renewed Rule 29 motion. The government says that we were quite mistaken, that aiding and abetting was always on the table. It's part of every indictment, and we were just sort of out to lunch on that point. Now, I guess that's where I want to start is with those references, and I'll work backwards. The aiding and abetting theory was never instructed on. The jury was never instructed on that theory here. So it's not on the table. It was waived, and we've raised that as an argument. We were consistent throughout. I argued that below. I argued it in the blue brief. This is not a situation where we're just coming forward in the reply brief or here standing at the podium. But if we were to conclude that your client can be criminally liable in an independent matter, irrespective as to whether or not he helped the corporation, that goes off the table, right? It does. No question. I understand that. But I think in terms of these record references, that's where we go is to the sufficiency of the proof. The court, I think, has to keep in mind that the argument comes forward in different iterations or incarnations throughout the process. The dismissal paper at the front of the case clearly argues that you can't charge both as individuals. There are inconsistent theories. You can probably opt for one or the other, but you're not going to be able to convict both of these persons. They have legal sanctity. Why can't you convict both of them? That's part of the argument I don't understand. Because there's no theory on the table here. If you remove the responsible corporate officer doctrine from this case, the government says that in that paper that I referenced earlier, Your Honor.  We could substitute, and I think that was the intention here of that sentence. We could substitute the word individuals for principles. And it's impossible legally to convict both persons. They require different things. At the trial of this case... That's why I have trouble following you. I don't understand why it's impossible. Is it something with RCRA or is it impossible just generally? I mean, you can't convict simultaneously a corporation and an officer of the corporation? Well, you can't in this case because the responsible corporate officer doctrine is off the table, both as a matter of waiver by the government and also in the legislation that we're working under here. And I'll jump ahead here and say in comparison to the Clean Water Act, the responsible corporate doctrine, officer doctrine, is incorporated into the terms of that act, Your Honor. This circuit, this court has already discussed that at some length. Help me out then. Explain to me in a way that you think I can understand what you understand by the responsible corporate officer doctrine. The responsible corporate officer doctrine is a doctrine fashioned by the Supreme Court in a case called Dotterwich long, long ago. It was a Food and Drug Administration case where there were certain products that became impure. The question presented was whether the corporate officer in question could be held accountable for the acts of the business and not detecting the impurities in the products. The answer was resoundingly yes, for the reason that it was a strict liability statute in essence and that it was clear from the terms of the legislation under discussion in that case that Congress intended that those corporate officials would be held so accountable. As time has gone on here, this doctrine has taken on a life of its own. It has constituent parts. It's funded by good, adequate case law discussion. And not only that, cases have discussed situations where Congress has enacted new legislation and specifically incorporated the doctrine into the legislation. And how does that doctrine help you? It doesn't help me. It would hurt me if it was in play here. What I'm saying is that this doctrine has no application here. But without the doctrine, it doesn't seem to me that you're helped much either if the government is right as to what happened here, that is to say, we have Mr. Reese who did all these things or omitted to do all of these things himself. Okay. And not merely just sort of the titular person within the corporation is responsible. He kept being asked, will you take care of this problem? We've got these super sacks of this toxic material. Please fix it. Please fix it. He said, well, I've contracted with this Ohio company who's contracted with this company out here. Well, it turns out this company out here doesn't exist. These are things that Mr. Reese himself personally did or did not do. And I don't dispute that. I would dispute, Your Honor, respectfully, this sort of negative inference that, I don't know, there was some kind of hide the ball here. I mean, I think we have to remember the context. This business was falling apart. Maybe he made a mistake when he said they made a contract with X company out here. I'm setting that to one side. But I guess what I want to, you know, sometimes, Your Honor, I can't figure out here if I'm tilting at a windmill or I just have a great case. And I'm confident that it's the latter, not the former. Okay. Your Honor, there has to be legal linkage between Mr. Reese as an individual and the corporate activity. It's going to force that liability on him as an individual. There has to be a conspiracy. There has to be an aiding and abetting theory pled and given to the jury. We don't have any of that here. If we set the corporation to one side and look at the activity of Mr. Reese, did he own any property here? No. He didn't lease any property either. Did he unload those trucks? No. Did he manufacture the product that became that hazardous waste in the end? No. Did he, most importantly, have a duty to go and get the permit as an individual? No. So absent the theory, the evidence is just insufficient on all counts. There's just no way we can get there. But he certainly had it within his power. Well, he may have had it within his power. If my neighbor, Your Honor, if you would permit me an example. Sure, sure. Let's say that me and Mr. Law are neighbors. And actually we are. We live in the same town. But we're adjoining. And he has a business. And he's bringing home material from that business and flushing it down his toilet. And it's in violation of RCRA. And he tells me this over cocktails. And I know it's happening. I'm his neighbor. I'm his friend. I know that the effluence being discharged down the toilet, I don't have any obligation to go get the permit. I am Mr. Reese in that example. Mr. Reese acted at all relevant times in a business capacity. And I am not saying that a corporation and an individual can't be convicted for the same crime in all circumstances. What I am saying is that in this case, under these facts, the way this case was pled and tried to the jury, it was an impossibility. Because there was no proof given to the jury that Mr. Reese as an individual stored that waste without a permit. He didn't do any of it. MR3 did. And all of the proof shows the court that. At all relevant times, he was acting in his business capacity as the CEO of MR3. That's what the proof showed. And under this scenario here, there can't be any rational finding other than the fact that the corporation was the malefactor here. That's the gist of the argument. Okay. Right. And I'd like to reserve a couple minutes. But just before I sit down, I do want to emphasize the fact that although we briefed the material about the responsible corporate officer doctrine not being included in RCRA, it's not. It's not necessary for the court really even to get itself in a dither about that. Because we have a front-end acknowledgment by the United States in this case that says that's not on the table here. It's not a theory we're relying on. So even if it had applicability outside the statutory context, which maybe that's what Your Honor is thinking, it can't here because the government made a front-end waiver and said, we're not going to rely on it. So I'd like to reserve the remainder. Thank you. Okay. Good morning, Your Honors. My name is Michael Lahr. I will be arguing for the United States this morning. I am from the District of Montana and in the Helena Branch office. As can be seen from the briefing and what Your Honors know about the argument is both sides obviously looking at the same facts. Both sides have briefed the same cases and the same lines of cases, yet we come to absolutely diametrically opposed conclusions. And I think the reason for that and the entire basis of the United States in attempting to poke holes in the appellant's arguments are that the appellant does not fully appreciate or fully acknowledge the nature and characteristics of the corporate system. And how that acts on the corporation's relationships with those who serve that corporation. It is without question, as Mr. Donahoe has said, it is certainly a distinct legal entity. It has personhood under the law. However, it is, as courts have suggested, that is a legal fiction. It is a lifeless entity. It acts only through the conduct of others. It has no independent capacity to act. Its knowledge is only that of the knowledge of its officers, of its corporate agents. With that in mind, the appellant first seems to suggest that there is a basic rule. That, in fact, if the corporate officer is acting in the course and scope of his employment and is working for the benefit of the corporation, the defendant suggests simply he cannot be criminally liable. Now, I didn't hear him make that argument. I heard him make the argument that you had waived the argument that you're now making. How do you respond to his waiver argument? Oh, certainly. The United States, through this argument, is not in any way, shape, or form arguing the responsible corporate officer theory. Mr. Donahoe is absolutely correct that that is off the table. So what is your theory? If he's not the responsible corporate officer, where does his liability come from? His liability comes through his own conduct. His own conduct really was basically non-conduct. I mean, they keep telling him, would you fix it? And he doesn't. Essentially. I mean, I think you're exactly correct. Either the conduct, the action, or the omissions of a person, obviously he has control. That's why he is able to either do or not do. So where does his criminal responsibility come from, if not from his role within the corporation, or the fact that he's the responsible corporate officer? I think we're dealing with two different theories. The responsible corporate officer theory is, as has been suggested, first and foremost a strict liability where you do not have to prove actual knowledge, actual participation. It is simply by virtue of your position only, whether you actually participated or knew what was going on, simply because you were in a position to prevent it, because you were in a place of authority. Essentially, you're the captain of the ship. Whether you're on the bridge, whether you strike the iceberg or not, we are holding you responsible. And that, especially with a statute such as food and drug, strict liability, that is the basis for finding it. And that's the theory you're saying is off the table. And that's off the table. And the two of you are in agreement that it's off the table. The contours of the doctrine may be somewhat in dispute between you. Right. And I think the White case, which is a district court case, delves into this correctly. In fact, it says where you have a statute that specifically has an intent or a knowledge requirement, you cannot use the responsible corporate officer. Now, there's been some blending of these cases because you at times have statutes that say individuals, including persons, or persons including individuals, corporations, and responsible corporate officers. And so that's kind of a line of questions or a line of cases that mixes and matches. But, again, in this case, the United States certainly agrees that it had to prove that, through his acts, submissions, conducts, and knowledge, that he himself was liable as principal. So I think what is missed here is the concept of what I would call coextensive conduct, coextensive knowledge. The corporation can be held liable, not because of anything it did independently, because it cannot act independently or not act. It has no knowledge independent of, in this case, the knowledge and the actions or inactions of its CEO. I think one of the other areas that I think needs to be focused on has to do with the defendant's argument where he talks about inconsistent theories. And I think this is also a flawed argument. It begins, essentially, as I think his fundamental premise is, is if you have A and B, they can't have done the same thing. They can't have equal conduct. Only one can be guilty. And, therefore, the United States had to prove, through some kind of vicarious liability theory, how these relate. They apparently acted in concert. Again, the flaw in this argument is the fact that, with the corporate existence, there is no independent conduct. The corporation is not an independent actor like another co-defendant would be in another case. Therefore, certainly aiding and abetting or a conspiracy or some type of joint conduct could be a theory, and the United States certainly didn't waive that in this case. But, on the other hand, they can literally both be liable for the same conduct because the corporation only acts or fails to act, only has knowledge or fails to have the knowledge, by virtue of the living individual. The defendant also has raised an issue as far as the so-called plea arrangement, evidence of the plea, the inability to argue his defense. That, again, I think is explained through the same theory. The United States would contend is easily explainable through the same theory. The defendant is once again indicating that both A and B, both corporation and individual, cannot be guilty of the same crime. I should be entitled to put in evidence of the corporation's guilt, and then I can make the argument that I am exonerated. I think the lower court found correctly that it is one thing to say it's a factual matter, that there is another individual who did these things. But you cannot, in this case, as a matter of law, say, by virtue of the fact that the corporation may be guilty, I cannot be found guilty. And I think that that is the distinction. Again, the key here is this characteristics, nature, quality of the corporation, that it cannot act by itself, that the conduct or lack of conduct, knowledge, or lack of knowledge, as it were, in this case, is coextensive. In conclusion, the United States would state then that the evidence certainly was sufficient to show, just as the court has discussed here, is that he had the knowledge. He had the requisite knowledge. He was informed by the Department of Environmental Quality. The correspondence between the Department of Environmental Quality and Mr. Rice, Mr. Reese, is sufficient to show that he certainly had the knowledge. As the court has also acknowledged, he was the one in the position of authority. That is not to say we're going back to the responsible corporate officer. It is simply that he was the sole person who could have gotten the permit. He was the person who had all the communications with the Department of Environmental Quality. He controlled the checkbook. He was in a position to act or not to act. And to say that he was not obligated to get a permit should not be able to shield him. As a good CEO working on behalf of the corporation, which defendant acknowledges he was, he did have that duty, both as an individual and as the CEO. There is not a split personality. He did not act as an individual and a CEO. It is the same person. And your argument is you're outside the corporate responsible officer because you're holding him responsible not only because he is at the top of the chain of command, but because he had personal knowledge of the facts here and failed to act. Exactly. As in the strict liability cases here, he actually participated. He had full knowledge. It is not some kind of vicarious strict liability. That's what the jury instructions required the jury to find, personal actions or inactions by Mr. Reese himself. It did. Yeah. Thank you, Your Honors. Thank you. Mr. Donahoe. Thank you. Your Honors, the principal point here is that Mr. Reese acted to make the corporation guilty. There really would be no dispute about that because at all relevant times he acted within his sphere of influence as a CEO. But you can't turn that corporate liability around and send it back the other way to the individual absent some responsible theory. That was the whole reason that the Corporate Officer Doctrine came into existence to begin with. That's why it was developed, so that we would be able to hold corporate officers responsible in circumstances like these and others. Counsel, what case most strongly supports your argument that there can be no liability for the corporation and for an individual, a corporate officer, even one who acts? There is no question that he acted. There is none as far as I know. In this circuit, I would probably suggest respectfully that the court look at Standard Oil. It's cited in the papers. It discusses some facts where a corporation was held liable for employees that were stealing oil and selling it on a black market. And this court said, no, that wouldn't be responsible because they were renegade employees. They departed from the corporate function. The corporation should not be held responsible for that activity. And I'm saying that almost the obverse of that must be true. When you have an individual that consistently acts as a corporate officer and behaves within the parameters of the business, albeit here a failing one, and there's no question that he took what measures he could to mitigate and ameliorate this problem, he is not responsible absent some personal duty to act. And I think that's the point being missed here. He had no personal duty to act. To a person, all the individuals that testified at this trial indicate and the documents indicate throughout the record that it's all about MR3 and its plant and its manufacturing and its duty to get the permit to store the waste, not Mr. Reese's. He may have been one of the remaining individuals on the front line having to deal with this problem, but that doesn't alter the fact that he was a corporate officer at all times. And whereas here especially the responsible corporate officer doctrine is off the table, whereas here especially that aiding and abetting has been waived, there's just no legal linkage between the two actors. Okay, I'll submit it. Thank you. Thank you both for your arguments. The case of the United States v. Reese is now submitted for decision. The next case on the argument calendar is Scott v. United States.
judges: Lasnik, Fletcher W. , Rawlinson